UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESERVATION ESTATES APARTMENTS LP,<br><br>Plaintiff,<br><br>v.<br><br>RONALD B. GRIFFIN,<br><br>Defendant. | Case No. 16-cv-03802 NC<br><br>**ORDER TO SHOW CAUSE RE: FEDERAL COURT JURISDICTION** |

Defendant Ronald Griffin filed a notice of removal alleging that this Court has federal question jurisdiction under 28 U.S.C. § 1331. In the underlying complaint, Reservation Estates Apartments brought a limited action for unlawful detainer, which arises exclusively out of state law. Accordingly, defendant must show cause in writing why removal is proper by July 20, 2016. Also by July 20, 2016, the parties must consent or decline to the jurisdiction of a United States Magistrate Judge, by submitting the form attached.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of a state court action to federal court is appropriate only if the federal court would have had original subject matter jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil

Case No. 16-cv-03802 NC

1   actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is

2   between citizens of different states," 28 U.S.C. § 1332(a).

3         In the absence of diversity jurisdiction, removal to federal court is only proper when

4   "a federal question is presented on the face of the plaintiff's properly pleaded complaint."

5   *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "Federal jurisdiction cannot be

6   predicated on an actual or anticipated defense . . . [n]or can federal jurisdiction rest upon

7   an actual or anticipated counterclaim.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).  A

8   federal court may dismiss an action on its own motion if it finds that it lacks subject matter

9   jurisdiction over the action.  *Fielder v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also*

10  Fed. R. Civ. P. 12(h)(3).

11        Here, Griffin alleges in his notice of removal that Reservation Estates Apartments

12  did not comply with the California Civil Code and provided improper notice, his defense

13  to the unlawful detainer action.  Griffin states that this deprived him of rights under federal

14  law.  This is insufficient as a basis for removal because federal question jurisdiction cannot

15  be based on a defense.  If defendant does not demonstrate federal subject matter

16  jurisdiction, this case will be remanded back to Monterey County Superior Court.

17        For additional guidance, defendant may refer to the Court's Pro Se Handbook,

18  available on the Court's website at http://www.cand.uscourts.gov/prosehandbook, or

19  contact the Federal Pro Se Program at the San Jose Courthouse, which provides

20  information and limited-scope legal advice to pro se litigants in civil cases.  The Federal

21  Pro Se Program is available by appointment and on a drop-in basis.  The Federal Pro Se

22  Program is available at Room 2070 in the San Jose United States Courthouse (Monday to

23  Thursday 1:00 – 4:00 pm), or The Law Foundation of Silicon Valley, 152 N. 3rd Street,

24  3rd Floor, San Jose, CA (Monday to Thursday 9:00 am – 12:00 pm), or by calling (408)

25  297-1480.

26      **IT IS SO ORDERED.**

27  Dated: July 11, 2016                      _____
                                                      NATHANAEL M. COUSINS

28                                                        United States Magistrate Judge

*(Left margin: United States District Court / Northern District of California)*