United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RESERVATION ESTATES
APARTMENTS LP,

        Plaintiff,

    v.

RONALD B. GRIFFIN,

        Defendant.

Case No. 16-cv-03802 NC

**ORDER FOR REASSIGNMENT;
REPORT AND
RECOMMENDATION TO REMAND
FOR LACK OF FEDERAL
JURISDICTION**

      Defendant Ronald Griffin filed a notice of removal alleging that this Court has federal question jurisdiction under 28 U.S.C. § 1331.  On July 11, 2016, this Court ordered defendant to show cause by July 20, 2016, why removal was proper.  Defendant failed to respond.  The parties also failed to comply with the Court's order to consent to or decline its jurisdiction.  Accordingly, the Court REFERS this case for REASSIGNMENT to a district court judge.  The Court RECOMMENDS that the district court REMAND the action to the Superior Court of California for Monterey County for lack of subject matter jurisdiction.

## I.    BACKGROUND

      Plaintiff Reservation Estates Apartments LP is a California limited partnership and owns the property at 366 Reservation Road, Marina, California.  Dkt. No. 1 at 6.  Reservation Estates brought a limited claim for unlawful detainer in Monterey County Superior Court against Ronald Griffin to evict him from the property and recover damages

Case No.16-cv-03802 NC

in the amount of $1080 and $32.29 per day from June 1, 2016.  *Id.* at 8.  Griffin responded to the complaint and admitted the allegations.  *Id.* at 9.  On July 7, 2016, Griffin removed the action to federal court alleging federal subject matter jurisdiction under 28 U.S.C. §§ 1331, 1441.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Removal of a state court action to federal court is appropriate only if the federal court would have had original subject matter jurisdiction over the suit.  *See* 28 U.S.C. § 1441(a).  Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states."  28 U.S.C. § 1332(a).  A federal district court must remand a removed case to state court "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  In deciding whether removal was proper, courts strictly construe the removal statute against finding jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing that removal was appropriate.  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted).  Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.  DISCUSSION

The Court lacks subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Reservation Estates's claims arise under state law.  In the absence of diversity jurisdiction, removal to federal court is only proper when "a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . [n]or can federal jurisdiction rest upon an actual or anticipated

United States District Court
Northern District of California

Case No. 16-cv-03802 NC          2

counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).  A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action.  *Fielder v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

Here, Griffin alleges in his notice of removal that Reservation Estates did not comply with the California law and because his answer depends on the determination of federal rights, his defense to the unlawful detainer action. This is insufficient as a basis for removal because federal question jurisdiction cannot be based on a defense.  The well pleaded complaint rule for federal jurisdiction "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc.*, 482 U.S. at 392.  No federal law question is presented in the complaint, so the Court does not have jurisdiction under § 1331.

## IV.   CONCLUSION

The facts alleged fail to show federal subject matter jurisdiction over this action. Because no party has consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), this Court does not have authority to make a dispositive ruling in this case.

Therefore, this Court REFERS this case for REASSIGNMENT to the district court and RECOMMENDS that the suit be REMANDED to the Superior Court of California for Monterey County.  Any party may object to this order within 14 days.  Fed. R. Civ. P. 72(b).

**IT IS SO ORDERED.**

Dated:  July 25, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California